IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
GMAC REAL ESTATE, LLC,           )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No.  08 C 7424
                                 )
MIRABAL REEB PROPERTIES etc.,    )
et al.,                          )
                                 )
              Defendants.        )
```

## MEMORANDUM ORDER

In response to the Complaint for Injunctive and Other Relief filed by GMAC Real Estate, LLC ("GMAC"), James Mirabal ("Mirabal") has just filed what he captions "Objection to Venue: Motion To Transfer Venue and Original Answer of Defendants." This memorandum order is issued sua sponte to address some basic deficiencies in that response.

To begin with, it is unclear whether Mirabal is the only defendant in this action or whether some other entity is denoted by "Mirabal Reeb Properties a/k/a Mirabal d/b/a Mirabal GMAC Real Estate"--both the Complaint and the responsive pleading speak of "defendants" in plural terms. If the individual Mirabal is <u>not</u> the sole defendant, as a nonlawyer (which this Court assumes) he has no authority to represent anyone else. That situation should be made clear in the amended response that this Court hereafter orders.

Although as said earlier it is assumed here that Mirabal is a nonlawyer, he must still conform to all applicable substantive

and procedural requirements. In that respect this Court calls his attention to several matters:

1. Any motion, such as the motion to transfer set out at the beginning of the responsive pleading, must be noticed up for prompt presentment, failing which this Court's local rules ("LRs") call for its denial out of hand.

2. Instead of simply setting out his responses as he has, Mirabal must comply with this District Court's LR 10.1:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.[1]

3. As to anything other than a straight out admission or denial of any allegations by GMAC (see Answer ¶¶1, 5, 8-10, 12, 16-19, 28-29, 31, 33, 35-36, 41, 43, 45, 48, 50, 53-55, 57-58, 60-62, 67, 71-72 and 76-77), Mirabal must correct those purported responses for the reasons this Court has spelled out in the Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Failure to do so on or before February 16, 2009 may result in the entry of a default against Mirabal (and his codefendant if any).

4. Mirabal's final matters that he labels as further

---

[1] [Footnote by this Court] Almost all lawyers who file responses simply copy each paragraph of a complaint verbatim, rather than composing a "concise summary," then follow each paragraph with a response.

responses--"There has been a failure of consideration in whole or in part" and "Defendants are entitled to offsets for Plaintiff's wrongful behavior"--are insufficiently informative and must also be appropriately fleshed out within the same time frame.

Accordingly the current responsive pleading is stricken, but without prejudice to a prompt replacement. This Court retains the previously-scheduled 9 a.m. February 17, 2009 status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 6, 2009